UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INTERNATIONAL GREENHOUSE CONTRACTORS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| CLIFF REDDEN, | ) ) ) |
| Defendant. | ) ) ) |
| CLIFF REDDEN, | ) ) |
| Counter Claimant, | ) ) ) |
| vs. | ) ) ) |
| INTERNATIONAL GREENHOUSE CONTRACTORS, INC., *et al.* | ) ) ) |
| Counter Defendants. | ) ) |

No. 1:14-cv-01229-RLY-MJD

**ORDER ON MOTION TO APPOINT COUNSEL**

This matter is before the Court on Defendant Cliff Redden's *Motion to Appoint Counsel* [Dkt. 52]. For reasons set forth below, the Court **DENIES** Defendant's Motion.

**I. Background**

On July 22, 2014, Plaintiff International Greenhouse Contractors, Inc. filed suit seeking to recover funds from Defendant under various legal theories. [Dkt. 1.] Defendant, acting *pro se*, answered the Complaint and denied the allegations. [Dkt. 9.] On August 19, 2015, Defendant filed a *Motion to Appoint Counsel*. [Dkt. 33.] Following an evidentiary hearing held

1

on September 18, 2015 [Dkt. 61], and subsequent evidentiary submissions by Mr. Redden [Dkt. 63], that Motion is now before this Court.

## II. Legal Standard

There is no right to appointment of counsel in federal civil litigation, but a district court has discretion to appoint counsel under 28 U.S.C. § 1915(e)(1). *See Dewitt v. Corizon*, 760 F.3d 654, 657 (7th Cir. 2014). If an indigent party has made a reasonable attempt to obtain counsel and then files a motion for appointment of counsel, this Court should ask "whether the difficulty of the case – factually and legally – exceeds the particular party's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). This inquiry focuses not only on a party's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

## III. Discussion

At the threshold, Defendant must meet two prongs: one, that he has made a reasonable attempt to secure counsel and two, that he is indigent. *See Pruitt*, 503 F.3d at 655. Addressing the first prong, this Court finds Defendant made a reasonable attempt to secure counsel. Defendant provided the Court with a list of six attorneys he contacted, including addresses and telephone numbers, as well as explanations for why they could not be retained.  [Dkt. 63.]  The Court finds this sufficient to qualify as a reasonable attempt to secure counsel. *See Dotson v. Blood Center of Southeastern Wisconsin,* 988 F. Supp. 1216, 1222 (E.D. Wis. 1998) (finding that "a sworn statement identifying six attorneys" as well as "the dates of such contact and the attorneys' responses" is sufficient to show "reasonable efforts"). Addressing the second prong, the Court also finds Defendant indigent. Defendant has provided this Court with documents showing his

Notice of Award for Social Security disability benefits dated March of 2015 in the amount of $905.00 per month. [Dkt. 63-1.] In addition, Defendant has entered into an amended Chapter 13 bankruptcy plan as of March of 2015. *In re Redden*, No. 14-08958-RLM-13 (Bankr. S.D. Ind. 2015). The U.S. Trustee's recent Motion to Dismiss for delinquent payments shows Defendant is already struggling to pay even his bankruptcy plan. [*Id.* at Doc. 30.] Thus, the Court finds Defendant is without substantial funds to hire an attorney.

After the threshold is met, Defendant must next show that the difficulty and complexity of the case – factually and legally – exceeds his capacity as a layperson to coherently present it to a judge. *Pruitt*, 503 F.3d at 655. Defendant fails to do this for the following three reasons. First, the suit is relatively straightforward: Plaintiff made breach of contract and fraud claims based upon a single transactional contract for cover/weed barrier. These claims are not particularly complex, factually or legally, nor do they involve any technical facts. *Cf. Bracey v. Grondin*, 712 F.3d 1012, 1017 (7th Cir. 2013) ("we have recognized cases involving medical expert testimony or state of mind requirements as legally complex"); *Frobes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997) (finding suit that involved medical treatment not complex as it did "not involve technical facts"). Second, Defendant is quite competent to adequately understand and present this case. He has a twelfth-grade education [Dkt. 52], has attended college classes [*Id.*], owned his own landscaping and construction business [Dkt. 56-1], and is not presently incarcerated. *Cf. Dewitt*, 760 F.3d at 658 (reversing a district court's denial of request for counsel by a "blind and indigent prisoner with a tenth-grade education" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected movant's low IQ, functional illiteracy, and poor education). And third, Defendant has shown sufficient legal ability to fully represent himself

3

against this lawsuit. Defendant has made several motions and replies in this case, including a motion for discovery [Dkt. 11], a motion to dismiss [Dkt. 20], a request for a jury trial [Dkt. 32], and a motion for summary judgment [Dkt. 35]. Defendant has also filed his own counterclaim, claiming Plaintiff extorted, harassed, intimidated, libeled, and falsely accused Defendant.  [Dkt 33.]  It is clear Defendant has adequate skills to represent himself. *See Sykes v. Chupp*, No. 1:14-cv-175, 2014 WL 6669461, at *2 (N.D. Ind. Nov. 24, 2014) (finding movant to have adequate skills to represent himself because he filed the complaint, responded to discovery, filed for a jury trial demand, and made other motions). Thus, Defendant does not show, factually or legally, that this case exceeds his capacity to coherently present his case.

### IV. Conclusion

For the aforementioned reasons, the Court **DENIES** Defendant's *Motion to Appoint Counsel* [Dkt. 52].

Date:  01 OCT 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana


Distribution:

CLIFF  REDDEN
5381 Brassie Drive
Indianapolis, IN 46235

Jason Shawn Bartell
BARTELL POWELL, LLP
jbartell@bartellpowell.com

4