UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INTERNATIONAL GREENHOUSE CONTRACTORS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) 1:14-cv-01229-RLY-MJD<br>)<br>) |
| CLIFF REDDEN, | )<br>)<br>) |
| Defendant. | )<br>) |
| CLIFF REDDEN, | )<br>)<br>) |
| Counter Claimant, | )<br>) |
| vs. | )<br>)<br>) |
| INTERNATIONAL GREENHOUSE CONTRACTORS, INC., | )<br>)<br>) |
| Counter Defendants. | )<br>) |

**ENTRY ON COUNTER-DEFENDANT'S MOTION TO DISMISS; THIRD-PARTY DEFENDANT'S MOTION TO DISMISS; AND MOTION TO STRIKE JURY DEMAND**

On July 22, 2014, International Greenhouse Corporation, Inc. ("IGC") filed a complaint against Defendant, Cliff Redden, alleging breach of contract, fraud, conspiracy to commit civil fraud, and quantum meruit. Proceeding pro se, Redden timely filed an answer in which he brought no counterclaims. On September 25, 2014, Redden filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of

Indiana, effecting an automatic stay.  The bankruptcy court lifted the stay on February 13, 2015.  On June 10, 2015, Redden filed both a jury demand and a separate "Counterclaim" against IGC and its counsel, Jason Bartell, alleging extortion, harassment, intimidation, malicious prosecution, and libel.  In essence, Redden claimed that IGC, by and through Bartell, wrongfully filed suit against him.  The Counterclaim named Bartell a "third-party defendant."

IGC moved to dismiss the Counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 7(a), and to strike the jury demand pursuant to Rule 12(f).  Redden did not respond to either motion.  Bartell also filed a motion to dismiss the Counterclaim pursuant to Rule 12(b)(2) and Rule 14(a)(1), to which Redden responded in opposition.  However, IGC subsequently filed an Amended Complaint (Filing No. 67), and Redden obtained counsel and filed a new Answer (Filing No. 81) containing no counterclaims.

Although the court liberally construes pleadings filed pro se, it will not excuse pro se litigants from compliance with the Federal Rules of Civil Procedure or the district court's local rules.  *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).  This includes the requirement that the answer to a complaint state any counterclaim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a)(1).  The court has no doubt, nor does Redden dispute, that the counterclaims were compulsory and therefore improperly pleaded nearly a year after Redden filed his original answer.  In any event, IGC's Amended Complaint supersedes its prior complaint and thus compelled a new responsive pleading, which

contains no counterclaims. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002) ("An amended pleading ordinarily supersedes the prior pleading."). Therefore, IGC's motion to dismiss (Filing No. 39) is **DENIED as moot**.

Likewise, a party demanding a jury trial must serve a written demand—if not included in a pleading—within fourteen days of *service of the last pleading* directed to any triable issue. Fed. R. Civ. P. 38(b)(1). The last pleading directed to any triable issue is Redden's Answer to the Amended Complaint. Redden neither included a demand in the Answer nor filed one separately, and therefore he has waived his right to a jury trial. *See* Fed. R. Civ. P. 38(d). Accordingly, IGC's motion to strike the jury demand (Filing No. 41) is **DENIED as moot**.

To the extent any portion of Redden's Counterclaim can be construed as a separate complaint against a nonparty—i.e., Bartell—Redden failed to obtain leave of court or effect proper service pursuant to Rule 14(a). A defending party must obtain leave of court to file a third-party complaint more than fourteen days after serving its original answer. Fed. R. Civ. P. 14(a)(1). As noted above, Redden failed to obtain leave of court to serve a summons and filed his claims against Bartell nearly a year after filing his original answer. For these reasons, Bartell's motion to dismiss the Counterclaim (Filing No. 42) is **GRANTED**.

**SO ORDERED** this 28th day of March 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.